OPINION
Appellant State of Ohio appeals a judgment of the Ashland Municipal Court granting appellee James E. Eddy, Jr's., motion to suppress:
ASSIGNMENTS OF ERROR
 I. THE JUDGMENT ORDER OF THE TRIAL COURT GRANTING DEFENDANT-APPELLEE'S MOTION TO SUPPRESS EVIDENCE WAS NOT BASED UPON THE PROPER STANDARD OF PROOF.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO SUPPRESS EVIDENCE BECAUSE THE OFFICER HAD AN ARTICULABLE REASONABLE SUSPICION OF CRIMINAL ACTIVITY SUFFICIENT TO JUSTIFY A STOP OF THE MOTOR VEHICLE.
 III. THE JUDGMENT ORDER OF THE COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At 2:12 a.m. on May 30, 1999, Trooper A.S. Norman of the Ohio State Highway Patrol was on patrol in the Village of Loudonville. She passed a blue pickup truck with no front license plate. As she passed the vehicle, Trooper Norman looked in her rear view mirror, and did not see a plate on the rear of the truck. She turned and followed the vehicle. Officer Norman noted that a temporary license tag was placed in the rear window of the vehicle, but she could not discern the numbers on the temporary tag. Officer Norman then stopped the vehicle, which was driven by appellee. After getting out of her car, Trooper Norman noticed that the tag was located on the rear of the truck, in the left back portion of the cap. When she was approximately one to two feet from the vehicle, Trooper Norman could clearly see the temporary tag. She approached the driver to issue him a warning for violating R.C. 4503.21. Upon approaching the vehicle, she detected an odor of alcohol, and eventually appellant was arrested for driving under the influence. Appellee moved to suppress all evidence leading to his arrest on the basis that the Trooper did not have a reasonable suspicion of criminal activity to justify stopping the vehicle. He argued that the temporary tag was not obscured in violation of R.C. 4503.21, as she was able to read the temporary tag upon approaching the window. The trial court granted the motion to suppress, finding that because the officer could read the temporary tag while outside the vehicle, the stop was not valid. The State filed a notice of appeal from this judgment, including the required certification that the granting of appellee's motion to suppress has so weakened the State's case that no reasonable possibility of prosecution exists.
 I
Appellant argues that the court applied the wrong legal standard, as in the final paragraph of the court's judgment, the court finds that the officer lacked probable cause to stop the defendant's vehicle. While the proper standard is whether the officer had a reasonable, articulable suspicion of criminal activity to justify stopping the vehicle, the court's misstatement of the standard in the judgment is harmless error. During the court's discussion of the law in the opinion, the court repeatedly refers to a reasonable and articulable suspicion for stopping the car. The first assignment of error is overruled.
 II
Appellant argues that the court erred as a matter of law in granting the motion to suppress, as the officer had a reasonable suspicion sufficient to justify stopping the motor vehicle. In State v. Chatton (1984), 11 Ohio St.3d 59, the Ohio Supreme Court held that when a police officer stopped a motor vehicle displaying neither the front nor rear license plates, but upon approaching the vehicle observed a temporary tag through the rear windshield, the officer could not detain the driver further to determine the validity of his driver's license absent some specific and articulable facts indicating that the detention was reasonable. Id. at Syllabus. At the time Chatton was decided, R.C. 4503.182
did not provide that temporary tags be displayed in any particular fashion. Id. at 60. Therefore, as long as the operator of the motor vehicle could produce a valid temporary tag, the vehicle was not being operated illegally or improperly. Id. Accordingly, once the officer viewed the tags lying in the rear deck of the vehicle, the officer did not have continued justification to detain the driver of the vehicle and demand that he produce his driver's license. Id. at 61. Subsequent to Chatton, R.C. 4503.21 was amended to provide: No person to whom a temporary license placard or windshield sticker has been issued for the use of a motor vehicle under section 4503.182 of the Revised Code, and no operator of that motor vehicle shall fail to display the temporary license placard in plain view from the rear of the vehicle either in the rear window or on an external rear surface of the motor vehicle, or fail to display the windshield sticker in plain view on the rear window of the motor vehicle. No temporary license placard or windshield sticker shall be covered by any material that obstructs its visibility.
In State v. Rose (June 14, 1993), Clark Appellate No. 2960, unreported, a police officer observed a vehicle she thought did not have a rear license plate. When she finally got close enough to see that there was plate, it was concealed by dirt. The officer stopped the vehicle, and while she was advising the driver concerning the license plate, she discovered that he was operating under a suspended license. The defendant moved to suppress, relying on Chatton, supra. The defendant argued that the officer's legitimate need to stop him ended when a valid license plate was observed, so that any further intrusion was unwarranted. The Court of Appeals for Clark County held that the defendant's reliance on Chatton was misplaced, as the statute had been amended to require that the license plate be displayed in plain view, and not be covered by any material obstructing its visibility. The court concluded that the officer was entitled to stop the vehicle for the purpose of issuing a warning about the fact that the license plate was not in plain view, and that legitimate purpose had not been completed when the officer received additional information entitling her to arrest him for driving under suspension. Id. at 2. In the instant case, the court found in its findings of fact that Trooper Norman could not see the temporary tag clearly until she was one to two feet from the vehicle. Therefore, the officer had reasonable suspicion that appellee was violating R.C. 4503.21, as the temporary tag was not displayed in plain view, and was covered by material obstructing its visibility. The officer was therefore permitted to approach the driver of the vehicle to issue a warning. When the officer approached the vehicle to warn appellee that he needed to clean off the back window because the tag was not clearly visible, she immediately smelled a strong odor of alcohol coming from inside the vehicle. At this point, she had a further reasonable suspicion of criminal activity to justify further detention to investigate. She saw a case of beer inside the vehicle. She also noticed an involuntary jerking of appellee's eyes. At this point, the officer clearly was entitled to detain appellee for the purpose of conducting sobriety tests, which he failed. The second assignment of error is sustained, as the officer had a reasonable suspicion of criminal activity to justify stopping the vehicle.
 III
The third assignment of error is rendered moot by our disposition of assignment of error II.
The judgment of the Ashland Municipal Court is reversed. This case is remanded to that court for further proceedings according to law.
By: Gwin, J., Wise, P.J., and Edwards, J., concur.